UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

AIR WAVES, INC., a Florida corporation, d/b/a
SIESTA KEY WATER SPORTS, INC., as owner     CASE NO.: 8:09-CV-1964-T-30MAP
of Motor Vessel that certain 2002 Godfrey
Hurricane 201 Deck Boat VIN: GDYS23J102, for
Exoneration from Limitation of Liability,

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Claimants' Motion to Stay Limitation of Liability Action and to Lift Injunction Restraining Actions Against Plaintiff (doc. 19). This is an admiralty case involving injury to passenger, Mary Burns, while she was aboard a Hurricane Deck Boat ("the vessel") owned by Plaintiff Air Waves, Inc. d/b/a Siesta Key Water Sports and operated by Brian Dewald. Her husband, Jerry Burns, seeks damages for loss of consortium (hereinafter Mary and Jerry Burns referenced as "Claimants") . Plaintiff filed the instant action, claiming entitlement to exoneration from or limitation of liability to its interest in the vessel Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Plaintiff deposited $10,000.00 with the Court purportedly representing the value of the vessel, its engines, and its freight. *See* docs. 4 and 5. Pursuant to Rule F(3) of the Supplemental Rules for Certain Admiralty and Marine Claims, this Court entered an injunction enjoining all suits, actions and legal proceedings against the Plaintiff, including the state court proceeding Claimants filed against Plaintiff in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, case number 2009-CA-008155-NC ("state court action"). *See* doc. 8. By their motion,

Claimants deny that the amount deposited is adequate to cover the Plaintiff's interest in the vessel or the Claimants' claims, and seek to lift the injunction on the state court proceedings so that they can pursue their personal injury action in their chosen forum

*Historical overview*

In the mid-nineteenth century, Congress passed the Limitation Act "to encourage ship building and to induce capitalists to invest money in this branch of industry." *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996) citing *Norwich & N.Y. Trransp. Co. v. Wright*, 80 U.S. 104, 121 (1871). The Act's purpose, "exempting innocent shipowners from liability beyond the amount of their interest," allowed vessel owners faced with liability for maritime accident to file a petition in federal court seeking protection under the Act. So long as the accident in question occurred wihout the vessel owner's "privity of knowledge," the Act limits the owner's liability to the value of his or her interest in the vessel and its pending freight. 46 App.U.S.C. § 183(a). Once the vessel owner deposits an amount representing the value of the vessel and its freight with the court, the court stays all related claims against the vessel owner pending in any other forum, and directs all potential claimants to file their claims against the vessel owner within a specified period of time. *Id.;* 46 App. U.S.C. § 185; Fed.R.Civ.P. Supp. Rules F(3), F(4). After the claimants have filed their damages claims, the court proceeds to resolve the vessel owner's claim to limited liability. Typically, a two-step analysis ensues: 1) the court must determine what acts of negligence or conditions of unseaworthiness caused the accident; and 2) the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. *Beiswenger,* at 1036. Initially, the damages claimants bear the burden of establishing liability, and then the shipowner bears the burden of establishing lack of privity or

knowledge. If the vessel owner is found liable, but limitation is granted, the court distributes the limitation fund among the claimants in an equitable proceeding known as "concursus." *Id.*

The same statute that grants the federal courts exclusive admiralty and maritime jurisdiction saves to suitors "all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(2). This "saving to suitors" clause contains a presumption in favor of jury trials (unlike the limitation proceedings which does not provide for a jury trial) and common law remedies available in any forum of the claimant's choice (the limitation proceedings are under exclusive jurisdiction of federal district courts). Hence, palpable tension exists between the vessel owner's right to limitation of liability and the claimant's right under the saving to suitors clauses. The Eleventh Circuit has identified several circumstances under which the damages claimants must be allowed to try liability and damages issues in a forum of their choice: 1) where the limitation fund exceeds the aggregate amount of all the possible claims against the vessel owner; and 2) where there is only one claimant. *Beiswenger,* at 1037 ("Because a major purpose of the concursus proceeding is to resolve competing claims to the limitation fund, the single claimant may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability"). More recently, in *Beiswenger,* the Eleventh Circuit recognized another exception that Claimants assert is applicable here: when there are multiple claimants and an inadequate fund so long as the claimants stipulate to the priority that their claims will be paid from the limitation fund. By so stipulating, the claimants effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund, eliminating the need for a concursus and allowing the claimants to litigate liability and damages issues in their chosen forum. *Beiswenger,* 1038.

*Discussion*

Here, the Claimants filed a stipulation that comports with the requirements outlined in *Beiswenger*, *supra*. *See* doc. 18. Notably, the stipulation has to: (1) "protect the vessel owner's right to litigate its claim to limited liability exclusively in admiralty court;" (2) "protect the vessel owner from having to pay damages in excess of the limitation fund;" and (3) "protect the vessel owner from litigation by the damages claimants in *any* forum outside the limitation proceeding." *Id.* at 1044. In its response to the Claimants' motion to stay limitation of liability action and lift injunction, the Plaintiff agrees that the stipulation satisfies the Eleventh Circuit's requirements and does not object to this Court granting the motion, and recognizes that granting such motion will allow the state court action to move forward. Accordingly, it is hereby

RECOMMENDED:

1. Claimant's Motion to Stay Limitation of Liability Proceeding and Lift Injunction (doc. 19) be **GRANTED**.

2. This Court adopts and approves the Claimants' Stipulation (doc. 18) and incorporates its provisions by reference in this Order.

3. This Court stays and administratively closes this matter pending resolution of the state court action.

IT IS SO REPORTED in chambers at Tampa, Florida on this 5th day of August, 2010.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James S. Moody
 Counsel of Record